IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JOHNNY WILEY
ADC #089897                                                                               PLAINTIFF

V.                                  CASE NO. 2:08cv0029 JLH/BD

GREEN *et. al*                                                                          DEFENDANTS

## ORDER

On July 8, 2008, Defendants Green and Taylor filed a Motion to Dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies as required by the PLRA (docket entry #33). In the motion, Defendants reference and incorporate a previous motion to dismiss that was filed in this matter (#19). Defendants Green and Taylor specifically rely upon an affidavit of Wendy Kelley (#19-2) provided to the Court in support of the previous motion to dismiss.

"Under Rule 12(b), if, on a motion to dismiss, a party submits to the court material outside the motion, and the court does not exclude this material, the motion then becomes a motion for summary judgment under Rule 56 . . .. [A] party against whom this procedure is used . . . is normally entitled to notice that conversion is occurring. Only if he has such notice can he understand that the burden will be on him to produce affidavits, not merely allegations in pleadings, to rebut what has become a motion for summary judgment. The general rule in this Circuit is that 'strict compliance' with this notice procedure is required." *Id.* Because Defendants ask the Court to consider documents beyond the complaint, the Court will consider the motion as a motion for summary

judgment. *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000).

Under Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, any party moving for summary judgment is required to attach to the motion a separate, short and concise statement of undisputed material facts. If Defendants wish to proceed with this motion for summary judgment, they are ordered to file a statement of undisputed material facts within ten days from the date of entry of this order.

Plaintiff is hereby notified of his opportunity to file a response opposing Defendants' motion for summary judgment within twenty (20) days after Defendants file their statement of undisputed material facts.[1]  Plaintiff is advised that his response to Defendants' motion may include opposing or counter-affidavits, executed by Plaintiff or other persons, which have either been sworn to under oath, *i.e.*, notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746. Any affidavits submitted

---

[1] Plaintiff is reminded of his responsibility to comply with Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

by Plaintiff must be based upon the personal knowledge of the person executing the affidavit.  No affidavit or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been sworn to under oath or declared under penalty of perjury.

Under Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff is also directed to file a separate, short and concise statement setting forth the facts which he thinks need to be decided at a trial.

IT IS SO ORDERED this 15th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE